1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                 FOR THE EASTERN DISTRICT OF CALIFORNIA

8  RUBEN J. BONTTY,

9            Plaintiff,              No. 2:10-cv-1903-JFM (PC)

10        vs.

11 T. MINTON, et al.,

12            Defendants.            ORDER

13 _____/

14            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

15 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

16 § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

17 § 636(b)(1).

18            Plaintiff has submitted a declaration that makes the showing required by 28

19 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

20            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

21 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

22 in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

23 direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

24 and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

25 payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

26 account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in

fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.

Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v.

Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a

complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

must contain factual allegations sufficient "to raise a right to relief above the speculative level."

Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only

'"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"

Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964,

in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

2

1   standard, the court must accept as true the allegations of the complaint in question, <u>Erickson</u>, <u>id.</u>,

2   and construe the pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416

3   U.S. 232, 236 (1974).

4        The court finds the allegations in plaintiff's complaint so vague and conclusory

5   that it is unable to determine whether the current action is frivolous or fails to state a claim for

6   relief.  The court has determined that the complaint does not contain a short and plain statement

7   as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

8   policy, a complaint must give fair notice and state the elements of the claim plainly and

9   succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

10  must allege with at least some degree of particularity overt acts which defendants engaged in that

11  support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of

12  Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

13  file an amended complaint.

14       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

15  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

16  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

17  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

18  there is some affirmative link or connection between a defendant's actions and the claimed

19  deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

20  1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

21  allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of</u>

22  <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

23       In addition, plaintiff is informed that the court cannot refer to a prior pleading in

24  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

25  complaint be complete in itself without reference to any prior pleading.  This is because, as a

26  general rule, an amended complaint supersedes the original complaint.  <u>See Loux v. Rhay</u>, 375

3

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the

attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

file an amended complaint in accordance with this order may result in the dismissal of this

action.

DATED: August 19, 2010.

UNITED STATES MAGISTRATE JUDGE

/014;rube1903.14new

4

1
2
3
4
5
6
7
8       IN THE UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA

10  RUBEN J. BONTTY,

11          Plaintiff,              No. 2:10-cv-1903-JFM (PC)

12      vs.

13  T. MINTON, et al.,

14          Defendants.            <u>NOTICE OF AMENDMENT</u>

15  _____/

16          Plaintiff hereby submits the following document in compliance with the court's

17  order filed _____:

18          _____       Amended Complaint

19  DATED:

20

21                                    _____

22                                    Plaintiff

23

24

25

26

5